1

2

3

4

5

6        **UNITED STATES DISTRICT COURT**

7          **DISTRICT OF NEVADA**

8

9    SHAWN WHITE,

10          Petitioner,                          Case No. 3:11-CV-00015-LRH-(RAM)

11   vs.                                         **ORDER**

12   E. K. MCDANIEL, et al.,

13          Respondents.

14

15          Petitioner has submitted an application to proceed in forma pauperis (#4).  The court finds

16   that petitioner is unable to pay the filing fee, and the court grants the application.

17          Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

18   Courts, the court has reviewed the petition for a writ of habeas corpus.  Petitioner will need to file

19   an amended petition.

20          In two separate cases in the Eighth Judicial District Court of the State of Nevada, petitioner

21   pleaded guilty to five counts of conspiracy to commit robbery, five counts of robbery with the use of

22   a deadly weapon, and one count of second degree murder.  Petitioner appealed the judgments of

23   conviction, and the Nevada Supreme Court affirmed.  In August 2006, petitioner filed a post-

24   conviction habeas corpus petition in the state district court.  Apparently, there was some confusion

25   because it first was treated as an appeal from the judgment of conviction.  The Nevada Supreme

26   Court dismissed the appeal for lack of jurisdiction.  In June 2010, petitioner then pursued a second

27   post-conviction habeas corpus petition in the state courts.  The state district court dismissed the

28

1   petition as untimely, and the dismissal might be on appeal, based upon a copy of a notice of appeal

2   that petitioner attached to his petition.

3          The current petition contains two grounds.  In ground 1, petitioner alleges that when he filed

4   his first state habeas corpus petition, a notice of appeal accompanied it.  He complains that the clerk

5   of the district court treated the notice of appeal as a notice of appeal and transmitted the matter to

6   the Nevada Supreme Court, which assumed that petitioner was trying to appeal his judgment of

7   conviction and dismissed the appeal as untimely.  This is a claim that errors occurred in the state

8   post-conviction proceedings.  This claim is not addressable in federal habeas corpus.  Franzen v.

9   Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).  The court dismisses ground 1.

10         In ground 2, petitioner alleges that his plea was coerced.  However, he does not allege how

11  his plea was coerced.

12         In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil
       Procedure, requires only "a short and plain statement of the claim showing that the pleader is
13     entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).  Rule 2(c) of the Rules Governing Habeas
       Corpus Cases requires a more detailed statement.   The habeas rule instructs the petitioner to
14     "specify all the grounds for relief available to [him]" and to "state the facts supporting each
       ground."

15

16  Mayle v. Felix, 545 U.S. 644, 649 (2005).

17         A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to
       assist the district court in determining whether the State should be ordered to "show cause
18     why the writ should not be granted." § 2243.   Under Habeas Corpus Rule 4, if "it plainly
       appears from the petition . . . that the petitioner is not entitled to relief in the district court,"
19     the court must summarily dismiss the petition without ordering a responsive pleading.   If the
       court orders the State to file an answer, that pleading must "address the allegations in the
20     petition."   Rule 5(b).

21  Id. at 656.  The only facts that petitioner alleges in ground 2 are statements by his co-defendant that

22  petitioner had nothing to do with the murder and statements by an eyewitness that petitioner's co-

23  defendant acted on his own without any encouragement from petitioner.  Petitioner does not allege

24  who coerced him into pleading guilty, nor does he allege what that person did to make him plead

25  guilty.  Petitioner will need to correct this defect in his amended complaint.

26         Petitioner did not sign his petition.  He must sign his amended petition in the spaces

27  provided.  28 U.S.C. § 2242.

28

-2-

1    Petitioner has submitted a motion for the appointment of counsel.  Whenever the Court

2    determines that the interests of justice so require, counsel may be appointed to any financially

3    eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district

4    court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

5    articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v.

6    Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas

7    proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not

8    separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d

9    at 954.  After reviewing the petition, the court concludes that appointment of counsel is not

10   warranted in this matter.

11   IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#4) is

12   **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

13   IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of

14   habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for the appointment of counsel.

15   IT IS FURTHER ORDERED that the motion for the appointment of counsel is **DENIED**.

16   IT IS FURTHER ORDERED that ground 1 of the petition is **DISMISSED**.

17   IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have

19   thirty (30) days from the date that this order is entered in which to file an amended petition to

20   correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this

21   action.

22   IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such

23   by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus

24   Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket

25   number, 3:11-CV-00015-LRH-(RAM), above the word "AMENDED."

26   IT IS FURTHER ORDERED, as per prior agreement, that the clerk of court shall add

27   Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall

28   make informal electronic service of this order upon respondents by directing a notice of electronic

1   filing to her office.  Respondents' counsel shall enter a notice of appearance herein within twenty

2   (20) days of entry of this order, but no further response shall be required from respondents until

3   further order of the court.

4       DATED this 6th day of April, 2011.

5

6       _____

7       LARRY R. HICKS
        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-